Artis-Ray: Cash Jr.
453 South Spring street
Suite 400 PMB 1211
Los Angeles, CA 90013
831-346-2562
artiscashjr@yahoo.com

Artis-Ray: Cash Jr., IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Artis-Ray: Cash Jr.,

          Plaintiff,

vs.

Shelter Mutual Insurance Company,

          Defendant.

Case No.:

2:25 cv 08007 - AB - (PDx)

**COMPLAINT FOR VIOLATIONS OF THE FDCPA, FCRA, AND STATE LAW**

**JURY TRIAL DEMANDED**

**I. JURISDICTION AND VENUE**

1. This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in

this District and a substantial part of the events or omissions giving rise to the claims occurred here.

## II. PARTIES

5. Plaintiff **Artis-Ray: Cash Jr.** is a natural person residing in Los Angeles, California.

6. Defendant **Shelter Mutual Insurance Company** is a Missouri corporation that conducts business nationwide, including in California. Defendant may be served through its registered agent, CSC Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

## III. FACTUAL ALLEGATIONS

7. In 2001, Plaintiff was involved in an automobile accident with a Shelter insured.

8. In 2002, Shelter obtained a judgment in Louisiana related to that accident.

9. On July 10, 2023, a Request for Cancellation of Prescribed Judicial Mortgage was filed and completed, officially confirming that the 2002 judgment against Plaintiff had prescribed under Louisiana law and was no longer valid or enforceable.

10. Despite this cancellation, Defendant Shelter Mutual Insurance Company continued to represent to third parties, including the Louisiana Department of Insurance, that Plaintiff owed on the judgment. (Exhibit A).

11. Defendant's actions constituted a knowing misrepresentation of the legal status of a

COMPLAINT FOR VIOLATIONS OF THE FDCPA, FCRA, AND STATE LAW

debt.

12. Plaintiff obtained proof that the judicial mortgage related to that judgment was cancelled/prescribed (Exhibit B).

13. Despite this, Shelter continues to represent the judgment as valid and enforceable.

14. Shelter's actions caused Plaintiff harm, including inability to renew his driver's license, emotional distress and PTSD, damage to creditworthiness, financial harm, and ongoing harassment.

## IV. CAUSES OF ACTION

### Count I – Violation of the FDCPA (15 U.S.C. § 1692e, § 1692f)

15. Defendant violated the FDCPA by misrepresenting the legal status of the debt, attempting to collect a time-barred judgment, and using unfair or unconscionable means to collect.

### Count II – Violation of the FDCPA (15 U.S.C. § 1692d)

16. Defendant's continued pursuit of an expired judgment constitutes harassment and abuse under the FDCPA.

### Count III – Violation of the FCRA (15 U.S.C. § 1681s-2(b))

17. To the extent Defendant reported the judgment or related debt to consumer reporting agencies, such reporting was inaccurate and violated the FCRA.

COMPLAINT FOR VIOLATIONS OF THE FDCPA, FCRA, AND STATE LAW

18. Defendant failed to reasonably investigate and correct the inaccurate information after disputes.

## Count IV – Violation of Louisiana Civil Code (Prescription of Judgments)

19. Defendant's attempt to enforce a judgment that had prescribed after 10 years violates Louisiana Civil Code.

## Count V – Violation of the Louisiana Unfair Trade Practices Act (LUTPA)

20. Defendant's misrepresentation of the enforceability of the judgment and demand for payment on a prescribed debt constitutes an unfair trade practice under LUTPA.

## V. DAMAGES

21. As a result of Defendant's conduct, Plaintiff has suffered actual damages, including emotional distress, PTSD, financial harm, credit denials, and inability to renew his driver's license.

22. Plaintiff is entitled to statutory damages under the FDCPA up to $1,000.

23. Plaintiff is entitled to statutory damages under the FCRA up to $1,000 per violation.

24. Plaintiff is entitled to punitive damages under applicable state law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and

against Defendant, and award:

      a. Actual damages;

      b. Statutory damages under the FDCPA;

      c. Statutory damages under the FCRA;

      d. Punitive damages as permitted by law;

      e. Declaratory judgment that the alleged debt/judgment is prescribed and unenforceable;

      f. Injunctive relief prohibiting further collection attempts;

      g. Costs of suit and such other relief as the Court deems just and proper.

**VII. JURY DEMAND**

      Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

Dated: August 25, 2025

**Artis-Ray: Cash Jr.**

Plaintiff, Pro Se

COMPLAINT FOR VIOLATIONS OF THE FDCPA, FCRA, AND STATE LAW