UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-08007-FMO-PD                                             Date: September 23, 2025

Title  Artis-Ray Cash, Jr. v. Shelter Mutual Insurance Company

Present: The Honorable: **Fernando M. Olguin, United States District Judge**

| Vanessa Figueroa | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
N/A                                                            N/A

**Proceedings (In Chambers):  Order Denying Motion for Reconsideration (Dkt. No. 11)**

On August 25, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request").  (Dkt. Nos. 1, 3.)  Plaintiff brings this action under the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and state law.  (Dkt. No. 1.)

On September 8, 2025, the Court denied the IFP request and ordered Plaintiff to pay the $405 filing fee within 30 days.  (Dkt. No. 9.)  The Court found that Plaintiff had the ability to pay the filing fee because his total sources of money, including wages and settlement awards, exceed his average monthly expenses.  (*Id*.)

Now pending is Plaintiff's motion for reconsideration, filed on September 10, 2025.  (Dkt. No. 10.)  Plaintiff alleges that the settlement awards are no longer available to him due to repayment of debts and ongoing medical expenses from an accident.  (*Id*. at 1.)  Thus, Plaintiff allegedly "lacks the resources to pay the filing fee without sacrificing the necessities of life."  (*Id*.)  Attached to the motion are a medical bill from June 2025 and two bank account statements showing low balances.  (*Id*. at 5-7.)

Under the Central District's Local Rule 7-18, a motion for reconsideration must show: (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.  Plaintiff does not explain how the allegations from his Motion fall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08007-FMO-PD                                      Date: September 23, 2025

Title     Artis-Ray Cash, Jr. v. Shelter Mutual Insurance Company

under any part of this standard or any other standard.  For that reason alone, the motion should be denied.

     Nonetheless, Plaintiff has not shown that reconsideration is warranted.  The Court takes judicial notice of Plaintiff's prior litigation history with this Court, which is inconsistent with his instant allegation that the settlement awards were spent on debts and medical expenses and, thus, are no longer available to him.  In the instant action, Plaintiff alleged on August 25, 2025, that he had received $16,500 in settlement awards within the prior twelve months.  (Dkt. No. 3 at 1.)  His numerous suits for that prior twelve-month period, however, contain IFP requests that affirmatively deny the commitment of any similar amount to the repayment of debts or the payment of ongoing medical expenses from an accident.  *See Cash v. Credit Control, LLC*, Case No. 2:24-cv-08447-AH-E, Dkt. No. 3 at 2; *Cash v. Absolute Resolutions Investments LLC*, Case No. 2:24-cv-09093-SRM-MAA, Dkt. No. 2 at 2; *Cash v. Maximus, Inc.*, Case No. 2:24-cv-09094-RGK-AS, Dkt. No. 2 at 2; *Cash v. Resurgent Capital Services, LP*, Case No. 2:24-cv-10356-ODW-SK, Dkt. No. 2 at 2; *Cash v. Convergent Outsourcing, Inc.*, Case No. 2:25-cv-00663-AB-PD, Dkt. No. 2 at 2; *Cash v. TransUnion LLC*, Case No. 2:25-cv-00961-RGK-AS, Dkt. No. 2 at 2; *Cash v. Housing Authority*, Case No. 2:25-cv-00962-WLH-DFM, Dkt. No. 3 at 2; *Cash v. Radius Global Solutions, Inc.*, Case No. 2:25-cv-01481-DMG-JDE, Dkt. No. 2 at 2; *Cash v. Penn Credit Corporation*, Case No. 2:25-cv-01483-MWF-AS, Dkt. No. 2 at 2; *Cash v. Monterey Financial Services LLC*, Case No. 2:25-cv-08008-JWH-ADS, Dkt. No. 3 at 2; *Cash v. Experian Information Solutions, Inc.*, Case No. 8:25-cv-01853-MRA-ADS, Dkt. No. 3 at 2.

     Likewise, Plaintiff's attachments, the medical bill and bank account statements, fail to show that reconsideration is warranted.  The medical bill is inconclusive as to Plaintiff's actual financial liability because it is "subject to revision based on actual coverage when paid."  (Dkt. No. 10 at 5.)  The medical bill also is inconsistent with Plaintiff's litigation history, recounted above, showing numerous IFP requests affirmatively denying any personal liability for medical expenses.  The bank account statements, for two personal accounts solely in Plaintiff's name with low balances (*id.* at 6-7), also are unpersuasive in light of Plaintiff's history of alleging that the settlement funds were received by his limited liability company, not by him personally.  *See Cash v. Transunion LLC*, Case No. 2:25-cv-00961-RGK-AS, Dkt. No. 54 at 2; *Cash v. Radius Global Solutions LLC*, Case No. 2:25-cv-01481-DMG-JDE, Dkt. No. 22 at 2; *Cash v. Experian Information Solutions, Inc.*, Case No. 8:25-cv-00165-JWH-ADS, Dkt. No. 40 at 4-5.  Indeed, the personal bank account statements say little about Plaintiff's actual financial circumstances because he previously submitted personal bank

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-08007-FMO-PD                                              Date: September 23, 2025

Title        Artis-Ray Cash, Jr. v. Shelter Mutual Insurance Company

statements, showing similarly low balances, in a case in which it ultimately was found that Plaintiff had failed to disclose multiple settlement awards.  *See Cash v. Diverse Funding Associates, LLC*, Case No. 2:24-cv-10354-WLH-SK, Dkt. Nos. 10, 39.

      Finally, Plaintiff's recent litigation history shows inconsistent statements about his current financial circumstances, further demonstrating that in forma pauperis status is not warranted.  *See Dunn v. Social Security Administration*, 2025 WL 2597502, at *2 n.1 (E.D. Cal. Aug. 19, 2025) (denying IFP request in part because of inconsistencies in various IFP applications Plaintiff had filed in the District).  In the instant action, Plaintiff's report of $16,500 in settlement awards is inconsistent with his report of $14,000 in settlement awards in another contemporaneous case.  *See Cash v. TransUnion LLC,* Case No. 2:25-cv-08328-PA-AJR, Dkt. No. 3 at 1.  This discrepancy further supports a finding that Plaintiff failed to meet the burden of alleging poverty "with some particularity, definiteness and certainty."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

      In sum, the motion for reconsideration is denied.  (Dkt. No. 11.)

      **IT IS SO ORDERED.**

|  | 00:00 |
|---|---|
| **Initials of Preparer** | vdr |